# EXHIBIT A

Case 1:07-cv-03189-GBD    Document 2-2    Filed 04/20/2007    Page 1 of 4

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

March 9, 2007

**VIA HAND DELIVERY**
Honorable Burton R. Lifland
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:  *Calpine Corporation, et al.*, Case No. 05-60200

Dear Judge Lifland:

On March 5, 2007, this Court issued its Memorandum Decision and Order Granting, in part, Debtors' Motion for an Order (I) Authorizing Debtors to Obtain Replacement Postpetition Financing to (A) Refinance Existing Postpetition Financing and (B) Repay Prepetition Debt; (II) Allowing Debtors' Limited Objection to Claims; and (III) Determining Value of Secured Claims (Docket No. 3875) (the "Memorandum Decision").

As explained in the Debtors' Motion, the Proposed Refinancing involves two orders. These are, described generally: (1) an order authorizing the Debtors to enter into the Replacement DIP Facility (the "Replacement DIP Facility Order"); and (2) an order authorizing the Debtors to repay the CalGen Secured Debt (the "CalGen Secured Debt Repayment Order"). To that end, the Debtors submit the following:

- Exhibit A is a revised Replacement DIP Facility Order; i.e., Order Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d) and 364(e).

- Exhibit B is a blackline reflecting the differences between Exhibit A and the version of the Replacement DIP Facility Order filed immediately preceding the February 26th hearing on the Debtors' Motion [Docket No. 3790].

- Exhibit C is a revised CalGen Secured Debt Repayment Order; i.e., Order (I) Granting Debtors' Limited Objection to Claim Numbers 2664, 3275, 3393 Through 3421 (Inclusive), 3546 through 3554 (inclusive), 3586 through 3588 (inclusive), 3731, 4073, 5653 through 5730 (inclusive), 5791, and 5792; (II) Determining the Value of the CalGen Secured Debt Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure, and (III) Authorizing Repayment of CalGen Secured Debt.

## KIRKLAND & ELLIS LLP

- <u>Exhibit D</u> is a blackline reflecting the differences between Exhibit C and the version of the CalGen Secured Debt Repayment Order filed immediately preceding the February 26th hearing on the Debtors' Motion [Docket No. 3789].

It is possible to read the Court's Memorandum Decision as obviating any need for a separate order authorizing the Debtors to repay the CalGen Secured Debt. However, to the extent the Memorandum Decision does not specifically address certain issues argued in the Debtors' Motion (at the February 26th hearing on the same), and contained in the Debtors' original CalGen Secured Debt Repayment Order, the Debtors submit Exhibit C for the Court's consideration.

Furthermore, the Debtors attempted to obtain consensus on an agreed Order. The Lenders requested various changes to the proposed Order, many of which the Debtors made. Nonetheless, the Lenders have drafted a competing Order, (which the Debtors understand the Lenders will be submitting to chambers under separate cover), featuring multiple provisions to which the Debtors cannot accede:

- The Lenders' competing Order repeatedly attempts to characterize the Debtors' repayment of the CalGen Secured Debt as a "prepayment." This is an attempt to better the Lenders' case on appeal and is inconsistent this Court's ruling. <u>See</u>, <u>e.g.</u>, Memorandum Decision at 8 (finding the CalGen Secured Debt is "due and payable immediately"); 10 (finding defeasance "is not an option for *repayment* of the third lien debt") (emphasis added).

- Notwithstanding the Court's acknowledgement that "[t]hrough the proposed refinancing, the Debtors also expect to realize an additional $5 million in annual savings by no longer having to pay certain fees as adequate protection for the CalGen Secured Debt[,]" <u>id.</u> at 5, the Lenders' competing Order seeks to compel the Debtors to continue to fund the Lenders' legal fees and costs after the repayment date, including through the Lenders' appeal(s) of the Court's Memorandum Decision.

- The Lenders' competing Order unilaterally alters the terms of the Debtors' settlement of the Bank of Nova Scotia's claim for default interest—to which the Lenders are not a party. In other words, the First, Second, and Third Lien Noteholders deleted a provision of a settlement reached between the Debtors and the trustee for the CalGen First Lien Revolver.

- The Lenders' competing Order asserts a new claim for interest at the Base Rate if they do not receive default interest.

In sum, for these reasons (and others), the Debtors believe the CalGen Secured Lenders' competing Order cannot be justified. The Memorandum Decision expressly explains which items of relief requested by the Debtors' Motion were not granted by the Court. The Debtors' revised CalGen Secured Debt Repayment Order incorporates these directives by revising the terms of the original Repayment Order accordingly.

2

## KIRKLAND & ELLIS LLP

        The Debtors therefore respectfully request the Court enter the revised Repayment Order attached as Exhibit C. The Debtors are, of course, are available if the Court wishes to discuss this matter further.

                                                      Respectfully,

                                                    /s/ Edward O. Sassower
                                                    Edward O. Sassower

Enclosures

CC:    Michael Stamer, Philip Dublin and Fred Hodara, counsel for the Official Committee of Unsecured Creditors
        Gary Kaplan, counsel for the Official Committee of Equity Security Holders
        Andrew Rosenberg and Elizabeth McColm, counsel for the Unofficial Committee of Second Lien Debtholders of Calpine
        David Mack and Peter Pantaleo, counsel for the agents for the lenders under the Replacement DIP Facility
        Richard Mason, Joshua Feltman and Emil Kleinhaus, counsel for The Bank of Nova Scotia, as Administrative Agent
        Richard Pedone, Amanda Darwin and Victor Milione, counsel for Wilmington Trust FSB, as Indenture Trustee, and Wilmington Trust Company, as Collateral Agent and Administrative Agent
        Mark Somerstein, counsel for HSBC Bank USA, as Indenture Trustee
        George Davis and Chris Marcus, counsel for Manufacturers & Traders Trust Company, as Indenture Trustee